# EXHIBIT 1

UNSEALED PER ORDER OF COURT 2/14/20 *ay*

~~SEALED~~

FILED

DEC 06 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [C] DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IN RE ORDER REQUIRING

SABRE

TO ASSIST IN THE EXECUTION OF AN
ARREST WARRANT ISSUED BY THE
SOUTHERN DISTRICT OF CALIFORNIA

Case No.: 19 CR 4643-H

APPLICATION

**Filed Under Seal**

## APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING TRAVEL RECORD PRODUCTION AND CONTEMPORANEOUS ACCOUNT ACCESS

The United States of America moves this Court, pursuant to the All Writs Act, Title 28, United States Code, Section 1651, for entry of an *ex parte* Order directing the Authorized Custodians of Records of Sabre, or its designee, to assist in the execution of a federal arrest warrant by providing to the United States Attorney and his designees and representatives from the Federal Bureau of Investigation ("FBI") all records, services, and usage for a period of **six months**, for any travel orders, transactions, or reservations associated with the following information:

Name: Deepanshu Kher

Alias(es): None known

Address: 709 Fancy Apartments 19, Vasundhara Enclave, Delhi, India

Phone number: 419-530-4723 (U.S.), 919923699092 (India), 16146848006 (Skype),

18188219959 (WhatsApp).

Credit card number: N/A

Passport number: Indian Passport: J4775284

Email Address(es): deepanshu.kher7@gmail.com, deepanshu.kher@outlook.com (the "Traveler").

The Government further requests that Sabre be ordered to provide representatives of the FBI complete and contemporaneous "real time" account activity information of the Traveler on a weekly, ongoing basis by telephone contact, email, and/or facsimile transmission, for a period of **six months** from the date of this Order. Sabre shall not intercept, nor shall Sabre provide, the content of any wire or electronic communications.

Finally, the Government requests that the Court's Order and this Application be sealed and that Sabre and its agents and employees shall not disclose the existence of the *ex parte* under seal Application or Order to any person, except representatives of the United States Attorney and his designees and the FBI, unless and until further ordered by this Court, except that Sabre may disclose the existence of this Application and/or Order to its attorney for the purpose of receiving legal advice.

## INTRODUCTION

The United States of America, by and through Robert S. Brewer, Jr., United States Attorney, and Alexandra F. Foster, Assistant United States Attorney, hereby moves this Court under the All Writs Act, 28 U.S.C. § 1651, for an order requiring Sabre to assist in the execution of a federal arrest warrant by periodically reviewing its records for evidence that the subject of the arrest warrant is traveling.

## FACTS

On November 19, 2019, the Court issued an arrest warrant for Deepanshu Kher pursuant to an indictment issued by the grand jury on the same date. *See U.S. v. Kher*, 19CR04643-H. In the indictment, Kher is charged with violating Title 18, U.S.C. Section 1030(a)(5)(A) and (c)(4)(B)(i) – Intentional Damage to a Protected Computer. *Id.* Kher is currently a fugitive.

Kher is an Indian citizen. He has been issued two non-immigrant visas to the United States, one in 2007 and the other in 2014. Both have expired. Kher currently has a visa application pending

adjudication with the U.S. Consular office in Delhi, India. Kher indicated that he wanted to visit his brother, Deepak Kher, in the United States. Deepak Kher, Deepanshu Kher's brother, is working as an engineer in New York. Once the visa is approved, the government expects that the Defendant will book air travel to the United States. The visa was approved on December 3, 2019 by the State Department, so Deepanshu Kher will likely be travelling in the near future.

Sabre is a Travel Commerce Platform providing distribution, technology, payment, and other solutions for the global travel and tourism industry. Sabre processes roughly one third of all air travel reservations, with a focus on travel to and from the United States. Sabre is capable of searching for and retrieving travel records for individuals whose travel reservations are processed using or through Sabre's computers. This Application seeks an order requiring Sabre to use any such capability, to assist agents in complying with the arrest warrant.

## DISCUSSION

The All Writs Act (AWA) provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As the Supreme Court explained, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Penn. Bureau of Corr. v. United States Marshals Serv.,* 474 U.S. 34, 43 (1985). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice ... and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.,* 434 U.S. 159, 174 (1977). Specifically, in *United States v. New York Tel. Co.,* the Supreme Court held that the AWA permitted district courts to order a telephone company to effectuate a search warrant by installing a pen register. Under the reasoning of *New*

*York Tel. Co.*, this Court has the authority to order Sabre to use any capabilities it may have to assist in effectuating the arrest warrant.

The Government is aware, and can represent, that in other cases, district courts within the 3rd and 4th Circuits have ordered the "hot watch" or real-time transmission of information related to credit cards under this authority. The Government is also aware that in other cases, courts have ordered Sabre to assist in effectuating arrest warrants under the authority of the AWA. Sabre has complied with such orders from Courts in the Ninth Circuit, specifically two in the Western District of Washington, one signed in 2019 (AWA Order GJ19-097) and the other in 2017 (AWA order GJ17-432), and one in the Northern District of California signed in 2016 (AWA order CR1690391MISC EDL). All of these AWA orders remain under seal. Other Federal Courts have also issued AWA orders, such as in Case No. 15-880 in the United States District Court for the Western District of Pennsylvania and in Case No. 1:15-CR-245 in the United States District Court for the Eastern District of Virginia.

This AUSA submitted this application to this Court on December 3, 2019, and the Court signed the Order that evening. On December 4, 2019, the Clerk of Courts informed this AUSA that it would not accept and file the Application and Order and this AUSA needed to file the Application and Order with the District Court Judge assigned to the matter, Judge Marilyn L. Huff. The Clerk of Courts also refused tyo return this Court's order to this AUSA and informed this AUSA that it would be shredding this Court's order. The AUSA filed the Application and Order with Judge Huff on December 4, 2019. On December 6, 2019, Judge Huff's Courtroom Deputy informed this AUSA that Judge Huff was not in chambers and asked that this matter be referred back to this Court.

WHEREFORE, it is respectfully requested that the Court grant an *ex parte* order pursuant to the All Writs Act, Title 28, United States Code, Section 1651, that the Authorized Custodian of Records of Sabre account records, or its designee, assist in the execution of a federal arrest warrant by providing to representatives of FBI, records and services for the Traveler.

It is further requested that Sabre be ordered to: (a) representatives of the FBI complete and contemporaneous account activity information for the aforesaid Traveler on a weekly basis by email to the email address HQ-DIV16-FUGITIVE-TRAVEL@ic.fbi.gov, for a period of six months from the date of this Order; and (b) not disclose the existence of this Application and/or Order of the Court, or the existence of the investigation, or this request until further ordered by the Court, except that Sabre may disclosure this Application and/or Order for the purpose of receiving legal advice.

Date: December 6, 2019

Respectfully submitted,
ROBERT S. BREWER, Jr.


ALEXANDRA F. FOSTER
Assistant U.S. Attorney