STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    William.Frentzen@usdoj.gov

CATHERINE ALDEN PELKER (MD)
Trial Attorney

    Department of Justice
    Computer Crime & Intellectual Property Section
    1301 New York Avenue NW, Suite 600
    Washington, DC 20005
    Telephone: (202) 514-1026
    FAX: (202) 514-6113
    Catherine.Pelker@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE APPLICATION OF FORBES MEDIA LLC AND THOMAS BREWSTER TO UNSEAL COURT RECORDS | No. 21-mc-80017-TSH<br><br>RESPONSE TO MOTION TO UNSEAL THE UNITED STATES' EX PARTE FACTUAL SUPPLEMENT |

    The United States respectfully submits this response in opposition to the motion by Forbes Media LLC and Thomas Brewster ("petitioners") to unseal the government's *ex parte* factual

supplement, which is a highly sensitive document. The Court should not unseal this document for three reasons: (1) the government filed the supplement properly; (2) even if the government filed it improperly, that only calls for rejecting the filing, not unsealing it; and (3) regardless of the filing procedure, the highly sensitive contents of the supplement require that it remain sealed. Disclosure of this document would endanger ongoing investigations, thwart law enforcement efforts to stop ongoing criminal activity, violate Fed. R. Crim. P. 6(e), and violate the privacy of the individuals implicated. Finally, if the Court disagrees with all these reasons, the government asks to retract the document in place of unsealing it.

      First, the government has endeavored to comply with the local rules and practice for filing documents. The factual supplement was filed *ex parte* under seal as a highly sensitive document, a new designation adopted only earlier this year, whose filing processes are still under development in the Northern District of California. *See Northern District to Develop Modified Filing Procedures for Highly Sensitive Documents*, UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, https://cand.uscourts.gov/notices/northern-district-to-develop-modified-filing-procedures-for-highly-sensitive-documents/ (last visited April 22, 2021); *see also Notice Regarding Highly Sensitive Documents*, UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, https://cand.uscourts.gov/notices/notice-regarding-highly-sensitive-documents/ (last visited April 22, 2021). AUSA Frentzen contacted court staff to advise that the government intended to file a highly sensitive document and to seek guidance as to how to handle the filing. AUSA Frentzen proceeded to file the document using the process set forth by the court staff.

      Second, even if the government inadvertently failed to follow the proper procedure in a highly sensitive document *ex parte* filing, the response should be to reject the filing. The petitioners incorrectly imply that a minor procedural error is a legitimate reason to unseal this document. Rather, it is the practice of the Court to reject an improper filing or even allow the filer to correct the mistake. Not only

would it be unusual to unseal a highly sensitive document because it was inadvertently improperly filed, but it would also be an extreme consequence for a minor error with serious effects on law enforcement efforts and the privacy of individuals implicated in the document.

Third, regardless of any filing procedures, this document must be kept sealed because its disclosure would do grave danger to ongoing investigations and thwart law enforcement efforts to stop ongoing criminal activity, on the same grounds as set forth in the governments' initial response. Unsealing this document may result in subjects of the investigation fleeing, concealing or destroying evidence, or taking other steps to evade responsibility for their crimes. Additionally, disclosure may subject individuals who are not currently charged with a crime to negative exposure. The privacy of those individuals should be protected because they have not been publicly charged with any crime. *See In re Nichter*, 949 F. Supp. 2d 205 (D.D.C. 2013) (holding that grand jury materials must not be unsealed where an individual implicated by the testimony is living and not publicly associated with the accusations of criminal activity). Relatedly, disclosure would violate Fed. R. Crim. P. 6(e). Rule 6(e) strictly controls which grand jury materials can be disclosed. Rule 6(e)(4) prohibits the public disclosure of information that reveals the existence of a sealed indictment "except as necessary to issue or execute a warrant or summons." Fed. R. Crim. P. 6(e)(4).

Finally, if the court disagrees with all of the above reasons to keep the supplement sealed, then the government asks, as it did in its original filing, to strike the supplement, disregard the facts within, and resolve the matter on the legal points already made in the government's Response. Although the government believes this information is relevant to the matters the Court must consider in this case, the risks of unsealing the document are too great.

For the reasons set forth above, the government respectfully requests that the court deny petitioners' request for unsealing the *ex parte* factual supplement.

DATED: April 22, 2021                                    Respectfully submitted,

STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

_____/s/_____
WILLIAM FRENTZEN
Assistant United States Attorney

CATHERINE ALDEN PELKER
Trial Attorney, Department of Justice